# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
VADA KIMEY,                          *
                                     *   No. 16-1325V
           Petitioner,               *   Special Master Christian J. Moran
                                     *
v.                                   *   Filed: June 1, 2018
                                     *
SECRETARY OF HEALTH                  *   Attorneys' fees and costs
AND HUMAN SERVICES,                  *
                                     *
           Respondent.               *
* * * * * * * * * * * * * * * * * * *

John R. Howie, Jr., Howie Law, P.C., Dallas, TX, for Petitioner;
Ann D. Martin, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS**[1]

Vada Kimey prevailed in her claim brought in the National Childhood Vaccine Compensation Program. She is now seeking an award for attorneys' fees and costs. She is awarded $52,740.92.

\*   \*   \*

Represented by attorney John R. Howie, Jr., Ms. Kimey filed her petition on October 12, 2016, alleging that an influenza vaccination caused her to suffer from Parsonage-Turner syndrome, also known as brachial neuritis. After the Secretary found the evidence insufficient to support this claim, Ms. Kimey retained three experts, infectious diseases specialist Patrick Anastasio, orthopedist Charles Banta,

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

and neurologist Russell Glantz, to present opinions. After discussions, the parties resolved this case. The parties submitted a stipulation that was incorporated by a decision. Decision, 2018 WL 818264 (Jan. 17, 2018).

On January 21, 2018, Ms. Kimey filed a motion for an award of attorneys' fees and costs. The motion seeks a total of $54,162.92, comprised of $45,461.41 in attorneys' fees and $8,701.51 in attorneys' costs. Ms. Kimey did not incur any costs personally.

The Secretary filed a response to Ms. Kimey's motion. The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed Feb. 5, 2018, at 2. With respect to amount, the Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

This matter is now ripe for adjudication.

\*   \*   \*

Because Ms. Kimey received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

**I.   Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A. <u>Reasonable Hourly Rate</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. <u>Avera</u>, 515 F.3d at 1349. There is, however, an exception (the so-called <u>Davis County</u> exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. <u>Id.</u> 1349 (citing <u>Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Ms. Kimey requests compensation for two attorneys, John Howie and Zara Najam, as well as a paralegal and legal assistant who assisted them. The proposed rates are reasonable.

B. <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. <u>See Shea v. Sec'y of Health & Human Servs.</u>, No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

The entries from the attorneys, paralegal, and legal assistant generally describe the activities with sufficient detail that the reasonableness of the work may be assessed. However, some entries are vague and/or the attorney has lumped together several discrete tasks. <u>E.g.</u> Mr. Howie's entries for July 9-14, 2017; the paralegal's entry for Nov. 10, 2016. In addition, Ms. Najam, the associate attorney, performed duties that a paralegal or a legal assistant could have performed.

For these reasons, Ms. Kimey's requested amount is reduced by $1,000.00. Ms. Kimey is awarded $44,461.41 for attorneys' fees.

## II. Costs

In addition to seeking an award for attorneys' fees, Ms. Kimey seeks compensation for costs expended, totaling $8,701.51. The costs of $1,171.18, for routine items such as medical records and the filing fee, are reasonable and adequately documented.[2] Ms. Kimey is awarded them in full.

Most of the balance is for the work of Dr. Banta ($2,250.00) and Dr. Glantz ($4,858.33). Each of their invoices presents a reasonable hourly rate and a reasonable number of hours. However, the billing records list a $440.00 expert fee for Dr. Anastasio, but no invoice has been attached that details his services. Thus, absent any supporting documentation, Ms. Kimey will not be awarded Dr. Anastasio's expert fee.

For these reasons, Ms. Kimey is awarded $8,279.51 in attorneys' costs.

\*     \*     \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $52,740.92 ($44,461.41 in fees and $8,279.51 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. The undersigned GRANTS the petitioner's motion and awards $52,740.92 in attorneys' fees and costs. This shall be paid as follows:

**A lump sum of $52,740.92 in the form of a check made payable to petitioner and petitioner's attorney, John R. Howie, Jr., for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

---

[2] This cost total includes an additional $18.00 that was not identified in the billing records but an invoice was submitted to support it. Pet'r's Mot. at 31-32, 61-62.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.